## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

KENNETH J. COOL, P.C., a Colorado Corporation, and
KENNETH J. COOL,

      Plaintiffs,

v.

BERKELEY LAW & TECHNOLOGY GROUP, LLP, f/k/a BERKELEY LAW &
TECHNOLOGY GROUP, LLC, an Oregon limited liability partnership,

      Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Berkeley Law & Technology Group, LLP ("BLTG"), through undersigned counsel, hereby gives notice of the removal of the above action from the District Court, Douglas County, State of Colorado, to the United States District Court for the District of Colorado, based upon the following grounds:

1.    On or about April 20, 2007, plaintiffs Kenneth J. Cool, P.C. ("KJC") and Kenneth J. Cool ("Cool") (together "Plaintiffs") filed the above action in the District Court of Douglas County, State of Colorado. On April 23, 2007, Plaintiffs delivered a copy of the Complaint to BLTG at its office in Beaverton, Oregon. (*See* Declaration of Howard Skaist ("Skaist Decl."), attached hereto as Exhibit 1, ¶ 2; Return of Service, attached hereto as Exhibit 2.) This was the first notice BLTG had of the action. (Skaist Decl., ¶ 2.)

2. Under 28 U.S.C. § 1441(a), a defendant may generally remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

3. This Court has original jurisdiction over this civil action because it involves an amount in controversy exceeding $75,000, exclusive of interest and costs, and is between parties of diverse citizenship. *See* 28 U.S.C. § 1332(a).

4. In the Complaint (attached hereto as Exhibit 3), Plaintiffs allege that BLTG owes them over $90,000, and in the civil coversheet attached to the Complaint, they declare they are seeking a monetary judgment in excess of $100,000. (Ex. 4.) While BLTG disputes that it is liable to Plaintiffs for this amount, the jurisdictional amount in controversy is met. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2002) ("[i]f the claim was apparently made in good faith, then the sum claimed by the plaintiff controls for removal purposes unless it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed").

5. According to the Complaint, plaintiff KJC is a Colorado corporation licensed to do business in the state of Colorado. (Compl., ¶ 1.) According to documents it has filed with the Colorado Secretary of State, KJC's principal office business address is 7290 Brixham Circle, Castle Rock, CO 80108. (Skais Decl., ¶ 3; Ex. 5.) Plaintiff Cool is an individual who is a citizen and resident of the state of Colorado. (Compl., ¶ 2.) Consequently, the Plaintiffs are both citizens of Colorado, and Colorado only, for purposes of diversity jurisdiction.

6. BLTG is a partnership with its principal place of business in Beaverton, Oregon. Because BLTG is a partnership, its citizenship for diversity purposes is that of its partners. *Depex*

*Reina 9 Partnership v. Texas Intern. Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) ("In the case of a partnership, the partnership is a citizen of each state in which a partner is a citizen").

7. None of BLTG's partners reside in Colorado. (Skais Decl., ¶ 4.) Consequently, BLTG is not a citizen of Colorado for purposes of diversity jurisdiction.

8. Accordingly, because the matter in controversy exceeds $75,000 and there is complete diversity between the parties, this Court has original jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

9. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The thirty-day time period began running on April 23, 2007, when BLTG first received a copy of the Complaint in this matter. *See* 28 U.S.C. § 1446(b).

10. Simultaneously with the filing of this Notice of Removal, BLTG is providing written notice to all parties of record and is filing a copy of this Notice of Removal with the clerk of the District Court, Douglas County, State of Colorado, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal of Case 2007CV1020 is attached hereto as Exhibit 6.

11. Pursuant to 28 U.S.C. § 1446(a) And D.C.COLO.LCivR 81.1, BLTG has filed copies of all state court pleadings and papers with which it has been served. (*See* Notice of Filing of State Court Pleadings, filed concurrently with these papers). No hearings have been set in the State court action. (Skais Decl., ¶ 5.)

12. By filing this Notice of Removal, Defendants do not waive any defense that may be available to them including, without limitation, the defense of improper venue.

WHEREFORE, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) over the claims asserted by Plaintiffs and this civil action is therefore properly removed to this Court.

DATED this 23rd day of May, 2007.

                Respectfully submitted,

                By: *s/ Romney Philpott*
                    Romney Philpott
                    Perkins Coie, LLP
                    1899 Wynkoop Street, Suite 700
                    Denver, CO 80202
                    (303) 291-2300

                Attorneys for Berkeley Law & Technology Group, LLP

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May, 2007, I served a true and correct copy of the foregoing **Notice of Removal** by depositing the same in the United States Mail, proper First Class postage prepaid, addressed to the following:

> James D. Kilroy, Esq.
> Snell & Wilmer, L.L.P.
> 1200 17th Street, Suite 1900
> Denver, CO  80202
> jkilroy@swlaw.com

By: *s/ Romney Philpott*
    Romney Philpott
    Perkins Coie, LLP
    1899 Wynkoop Street, Suite 700
    Denver, CO 80202
    (303) 291-2300

Attorneys for Berkeley Law & Technology Group, LLP